THE LAW OFFICES OF KENNER & GREENFIELD
David E. Kenner (SBN 41425)
16633 Ventura Blvd., Suite 1212
Encino, CA 91436
Telephone: (818) 995-1195
Facsimile: (818) 475-5369

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| JOSEFINA PEREZ CORTEZ, individually and as successor-in-interest to Daniel Alfonso Perez-Communidad, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF RIVERSIDE; DOES 1-10, identities unknown; and FIDEL COMMUNIDAD HERNANDEZ, a nominal defendant and possible successor-in-interest to Daniel Alfonso Perez-Communidad, <br><br> Defendants | Case No.: 2:23-cv-57 <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. Fourth Amendment – Excessive Force (42 U.S.C. § 1983) <br> 2. Fourteenth Amendment – Substantive Due Process (42 U.S.C. § 1983) <br> 3. Municipal Liability (42 U.S.C. § 1983) <br> 4. Battery (Wrongful Death and Survival Action) <br> 5. Negligence (Wrongful Death and Survival Action) <br> 6. Violation of Bane Act (Cal. Civil Code § 52.1) <br><br> **DEMAND FOR JURY TRIAL** |

# COMPLAINT FOR DAMAGES

Plaintiff JOSEFINA PEREZ CORTEZ, individually and as successor-in-interest to Daniel Alfonso Perez-Communidad, for her complaint against the COUNTY OF RIVERSIDE; DOES 1-10, identities unknown; and FIDEL COMMUNIDAD HERNANDEZ, a nominal defendant and possible successor-in-interest to Daniel Alfonso Perez-Communidad, alleges as follows:

## INTRODUCTION

1. This wrongful death civil rights and state law action against the County of Riverside and deputies involved in the death of Daniel Alfonso Perez-Communidad. This suit is being brought by his mother Josefina Perez Cortez.

2. Daniel Alfonso Perez-Communidad, 19, was shot and killed a Riverside county sheriff's deputy on January 28, 2022. There exists video evidence of the shooting.

3. His mother alleges that the death of her son was unnecessary and unwarranted, and that use of deadly force was excessive and unreasonable under the circumstances.

## PARTIES

4. At all relevant times, Daniel Alfonso Perez-Communidad (the "Decedent") resided in the County of Riverside in the State of California. The circumstances and events giving rise to this action occurred in the County of Riverside.

5. Josefina Perez Cortez is the mother of the decedent, who had no children of his own, and a successor in interest pursuant to Cal.Code.Civ.P. § 377.32.

6. At all relevant times, Defendants Does 1-10 were agents or employees of the County of Riverside or the County of Riverside Sheriff's Department. At all relevant times, they were acting under color of law within the

course and scope of their duties with respect to their employer. Alternatively, to the extent that the County of Riverside did not directly employ Does 1-10, those defendants were acting as agents of the County of Riverside at all relevant times and subject the direction and control of the County of Riverside. These defendants are sued to the extent they engaged in, integrally participated in, or failed to intervene in the conduct of which Plaintiff complains, and/or by engaging in other acts or omissions described below.

7. Defendant County of Riverside is responsible for Plaintiff's injuries by virtue of statutory indemnity and vicarious liability as well as by virtue of direct liability under the principles of *Monell v. Department of Social Services*, 436 U.S. 658 (1978). At all relevant times, Defendant County of Riverside was a duly organized public entity, existing under the laws of the State of California. Defendant County of Riverside is a chartered subdivision of the State of California with the capacity to sue and be sued.

8. Upon information and belief, in doing the acts and failing and omitting to act as hereinafter described, Defendants Does 1-10 were acting on the implied and actual permission and consent of the County of Riverside.

9. The true names of Defendants Does 1-10 are unknown to Plaintiff, who therefore sues these defendants by fictitious names. In particular, the name of the deputy who shot the Decedent has not been released. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitiously-named defendants is responsible in some manner for the conduct and liabilities alleged herein.

10. Defendants Does 1-10 are directly liable for Plaintiff's injuries under state and federal law and are sued in their individual capacities for damages only.

11. Fidel Communidad Hernandez, the father of the decedent, is named herein as a nominal defendant until his interest in this lawsuit, if any, can be

ascertained. His current whereabouts are unknown, and it is unknown whether he has preserved any claims he may have under state law by filing a timely government claim. Depending on his response to this action, Plaintiff expects that as to each claim for relief herein, he will be either realigned as a plaintiff or he will be dismissed with prejudice as a party to that claim for relief.

## JURISDICTION AND VENUE

12. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

13. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the County of Riverside, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

14. The foregoing allegations are incorporated as if re-alleged herein.

15. Daniel Alfonso Perez-Communidad, 19, was shot and killed by one or more Riverside County Sheriff's Department employees on January 28, 2022. There exists video evidence of the shooting.

16. His mother alleges that the use of deadly force was excessive and unreasonable under the circumstances.

17. Plaintiff timely presented a claim to the County of Riverside pursuant to Government Code Section 945.6 on June 30, 2022, which the County of Riverside rejected on July 7, 2022. Pursuant to that government code section, this complaint is timely filed within six months of the rejection of that claim.

# FIRST CLAIM FOR RELIEF

**Fourth Amendment – Excessive or Unreasonable Force**

**(42 U.S.C. § 1983)**

(Against Does 1-10)

18. The foregoing allegations are incorporated as if re-alleged herein.

19. Does 1-10 used excessive or unreasonable force against Decedent. This conduct deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

20. As a result of the excessive or unreasonable force, Decedent lost his life. From the time the force was used up until the time of his death, he experienced physical pain and emotional distress.

21. The conduct of Does 1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent, and therefore warrants the imposition of punitive damages.

22. Does 1-10 are liable for Decedent's injuries and death, either because they engaged in the above conduct, because they were integral participants in the above conduct, or because they failed to intervene to prevent the above conduct.

23. Plaintiff brings this claim in her individual and representative capacities and seeks both survival and wrongful death damages. Plaintiff also seeks attorney fees.

# SECOND CLAIM FOR RELIEF

**Fourteenth Amendment – Substantive Due Process**

**(42 U.S.C. § 1983)**

(Against Does 1-10)

24. The foregoing allegations are incorporated as if re-alleged herein.

25. Plaintiff had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that would deprive her of life, liberty, or property in such a manner as to shock the conscience, including state actions that interfere with her familial relationship with her loved one and family member, the Decedent.

26. The Decedent also had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience.

27. The aforementioned actions of Does 1-10, along with undiscovered conduct, shock the conscience, in that each of Does 1-10 acted with deliberate indifference to the constitutional rights of Decedent and Plaintiff or with purpose to harm unrelated to any legitimate law enforcement objective.

28. As a result of the conduct of Does 1-10, Decedent lost his life and Plaintiff was harmed.

29. The conduct of Does 1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent, and therefore warrants the imposition of punitive damages.

30. Plaintiff brings this claim in her individual and representative capacities and seeks both survival and wrongful death damages. Plaintiff also seeks attorney fees.

### THIRD CLAIM FOR RELIEF

**Municipal Liability – Ratification**

(42 U.S.C. § 1983)

(Against Defendant County of Riverside)

31. The foregoing allegations are incorporated as if re-alleged herein.

32. The acts of Does 1-10, under color of law, deprived the decedent and Plaintiff of their particular rights under the United States Constitution, as alleged above.

33. Upon information and belief, the County of Riverside has determined that the conduct of Does 1-10 was within policy. Plaintiff contends that this fact is prima facie evidence of an unconstitutional policy. To Plaintiff's knowledge, none of Does 1-10 have been disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the incident. Upon information and belief, a final policymaker for the County of Riverside has ratified the conduct of Does 1-10 and the bases for it.

34. Based on the above, Plaintiffs contend that the County of Riverside is directly liable under 42 U.S.C. § 1983 and *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978).

35. Plaintiff seeks both survival and wrongful death damages, compensatory damages, and attorney fees under this claim. She brings this claim both individually and as the decedent's successor in interest.

## FOURTH CLAIM FOR RELIEF

**Battery (Cal. Govt. Code § 820 and California Common Law)**

(Wrongful Death)

(Against All Defendants)

36. The foregoing allegations are incorporated as if re-alleged herein.

37. The acts of Does 1-10 constituted battery by a peace officer under California law and were a substantial cause of the decedent's death. As a consequence, Plaintiff has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of decedent, and will continue to be so deprived for the remainder of her natural life. Plaintiff also claims funeral and burial expenses and a loss of financial support.

38. The conduct of Does 1-10 was malicious, oppressive or in reckless disregard of Plaintiff's rights, entitling Plaintiff to punitive damages.

39. Defendant County of Riverside is vicariously liable for the wrongful acts of Does 1-10 pursuant to section 8l5.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

40. Plaintiff seeks compensatory damages and punitive damages under this claim.

## FIFTH CLAIM FOR RELIEF

**Negligence (Cal. Govt. Code § 820 and California Common Law)**

(Wrongful Death)

(Against All Defendants)

41. The foregoing allegations are incorporated as if re-alleged herein.

42. The acts of Does 1-10 constituted negligence under California law and were a substantial cause of the decedent's death. As a consequence, Plaintiff has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of decedent, and will continue to be so deprived for the remainder of her natural life. Plaintiff also claims funeral and burial expenses and a loss of financial support.

43. The conduct of Does 1-10 was malicious, oppressive or in reckless disregard of Plaintiff's rights, entitling Plaintiff to punitive damages.

44. Defendant County of Los Angeles is vicariously liable for the wrongful acts of Does 1-10 pursuant to section 8l5.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

45. Plaintiff seeks compensatory damages and punitive damages under this claim.

## SIXTH CLAIM FOR RELIEF

### California Civil Code §52.1 – Bane Act (California Law)

(Against All Defendants)

46. The foregoing allegations are incorporated as if re-alleged herein.

47. California Civil Code Section 52.1 (the Bane Act) prohibits any person from interfering with another person's exercise or enjoyment of his or her constitutional rights by violence, threats, intimidation, or coercion.

48. The acts of Does 1-10, as described above, interfered with the civil rights of decedent, which are protected by both the California Constitution and the United States Constitution, including without limitation decedent's rights to freedom from unreasonable or excessive force.

49. Does 1-10 successfully interfered with the above civil rights of Plaintiff in a manner constituting violence.

50. The conduct of Does 1-10 was malicious, oppressive or in reckless disregard of the Plaintiff's rights, entitling Plaintiff to punitive damages.

51. As a result of the conduct of the Does 1-10, Plaintiff was harmed.

52. Defendant County of Riverside is vicariously liable for the wrongful acts of the individual pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

53. Plaintiff seeks compensatory damages, punitive damages, and attorney fees under this claim.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and requests entry of judgment in her favor and against all defendants as follows:

    A.    For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

    B.    For loss of financial support;

    C.    Funeral and burial expenses;

    D.    For punitive damages against the individual defendants in an amount to be proven at trial;

    E.    For interest;

    F.    For reasonable costs of this suit and attorneys' fees, including pursuant to 42 U.S.C. § 1988; and

    G.    For such further other relief as the Court may deem just, proper, and appropriate.

DATED:  January 5, 2023

By  */s David E. Kenner*
David E. Kenner
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: January 5, 2023

By  /s David E. Kenner
David E. Kenner
Attorneys for Plaintiff